IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ANNIE WASHBURN EGGLESTON, | |
| Plaintiff, | |
| v. | Civil Action Number 3:05CV721 |
| WAL-MART STORES EAST, LP, | |
| Defendant. | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Wal-Mart Stores East, LP's Motion to Dismiss Plaintiff Annie Washburn Eggleston's Punitive Damages claim and Count Two of Plaintiff's Motion for Judgment. For the following reasons, the Motion to Dismiss Plaintiff's Punitive Damages claim is GRANTED. Defendant's Motion to Dismiss Count Two of Plaintiff's Motion for Judgment is hereby GRANTED.

I.

The following facts are stated in Plaintiff's Motion for Judgment, initially filed in the Circuit Court of the City of Richmond on September 14, 2005. On December 9, 2003, Mrs. Eggleston was struck and run over by a Wal-Mart electric shopping cart in a Wal-Mart store in Mecklenburg County, Virginia. Wal-Mart invites its customers to use these carts without instruction. An uninstructed operator hit Mrs. Eggleston. Mot. J. ¶ 2. As a direct result of being run over by the electric shopping cart, Mrs. Eggleston suffered a broken hip. Mot. J. ¶ 23. As a result and complication of surgery on Mrs. Eggleston's broken hip, she suffered a massive stroke, leaving her

partially paralyzed. Mot. J. ¶ 27. Since the accident, Mrs. Eggleston has been in a skilled nursing unit or a nursing home receiving twenty-four hour care. Mot. J. ¶ 4.

## II.

Defendant's Motion to Dismiss claim asserts that there is an insufficient factual basis alleged in Plaintiff's Motion for Judgment for the award of punitive damages. An award of punitive damages is not favored generally because punitive damages are in the nature of a penalty and should be awarded only in cases involving the most egregious conduct. Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 144, 413 S.E.2d 630, 639 (1992). Punitive damages are allowable only "where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." Giant of Va., Inc. v. Pigg, 207 Va. 679, 685, 152 S.E.2d 271, 277 (1967). Plaintiff does not allege actual malice on the part of Wal-Mart. Thus, she is required to show that Defendant acted willfully and wantonly to sustain a claim for punitive damages. Bowers v. Westvaco, 244 Va. 139, 150, 419 S.E.2d 661, 668 (1992) (stating that defendant's acts must be "so willful or wanton as to evince a conscious disregard of the rights of others" to merit punitive damages).

Plaintiff's Motion for Judgment does not sufficiently allege a claim for an award of punitive damages. Defendant's lack of instruction to users may amount to gross negligence, but does not rise to the level of conscious disregard for the safety of others. Defendant has taken no action against Plaintiff, nor exhibited any behavior so wanton and willful as to show a reckless disregard for Plaintiff's safety.

Plaintiff's reliance on Sabo v. Smith and Wal-Mart Stores, Inc., 54 Va. Cir. 538 (2001) is misplaced. While Sabo presents similar facts to the present case, the procedural posture of Sabo

precludes any effect on this Court.  In Sabo, the court overruled Defendant Wal-Mart Stores, Inc.'s demurrer on Plaintiff's Motion for Judgment.

Accordingly, Defendant Wal-Mart Stores East, LP's Motion to Dismiss Plaintiff's Punitive Damages claim is GRANTED.

### III.

Count One of Plaintiff's Motion for Judgment recites a theory of negligence that appears to be based on a theory of premises liability.  Count Two states a separate claim for premises liability. There is no separate tort for premises liability in the state of Virginia.  Accordingly, Defendant's Motion to Dismiss Count Two is hereby GRANTED.  Plaintiff is granted leave to amend the Motion for Judgment if she deems it necessary.  Count Two of Plaintiff's Motion for Judgment is hereby DISMISSED.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

       /s/
JAMES R. SPENCER
UNITED STATES DISTRICT JUDGE

December 14, 2005
DATE