IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ANNIE WASHBURN EGGLESTON,

                                    Plaintiff,

            v.                                          Civil Action Number 3:05CV721

WAL-MART STORES EAST, LP,

                                    Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff Annie Washburn Eggleston's Motion to Compel Discovery Responses and Plaintiff's Motion to Take Additional Depositions.  Upon review of the record, Plaintiff's Motion to Compel Discovery Responses is hereby GRANTED in part and DENIED in part.  Plaintiff's Motion to Take Additional Depositions is hereby GRANTED.

## I.  Background

On December 9, 2003, the Plaintiff was struck by an electronic shopping cart while at a Wal-Mart store in South Hill, Virginia.  The Plaintiff filed a Motion for Judgment in the Circuit Court for the City of Richmond, Virginia on September 14, 2005.  On October 14, 2005, the Defendant, Wal-Mart Stores East, LP, removed the case to this Court on the basis of diversity jurisdiction.

Plaintiff claims that as a result of this accident, she suffered a broken hip, a stroke, and is now bed-ridden in a skilled nursing unit requiring constant care and aid.  The remaining count in this case is Plaintiff's claim of Negligence.  Plaintiff asserts that the Defendant breached a duty of ordinary

care in failing to instruct its customers regarding how to operate the electric carts, leading to the

plaintiff's injuries and damages.

## II. Plaintiff's Motion to Compel Discovery Responses

Plaintiff produced her First and Second Requests for Production of Documents and Things

on December 14 and 16, 2005.  Defendant filed its Objections to Plaintiff's First Request for

Production of Documents and Things on December 28, 2005.  As a result, Defendant failed to fully

respond to all Discovery Requests.

Plaintiff's Second Interrogatory and Second Request for Production seeks the following

information:

> (14) Provide all accident reports from any Wal-Mart store in North America, and any other
> written report or description of any kind describing any accident (including, but not limited
> to, a Safety Team report) involving any make or model of electric shopping cart from
> January 2000 to the present time.

> (3)  Please produce all written claims, written reports, or notes taken by any Wal-Mart
> associate that reports an accident or incident involving an electric shopping cart in any
> Wal-Mart store in North America from January of 2000 until December 15, 2005.

The Defendant objects to these requests on the ground that they are overly broad in time and

scope, are unduly burdensome, and seek irrelevant information not reasonably calculated to lead to

the discovery of admissible evidence.  Plaintiff's request is overly broad in time and scope and must

be limited to lessen the burden on the Defendant.

Defendant has offered Plaintiff a compromise.  Defendant offered to produce records of all

accidents involving motorized carts that occurred at the same store where the Plaintiff was injured.

Defendant also offered to produce information relating to all electronic cart accidents that occurred

in its Virginia stores for one year prior to the plaintiff's accident.  It is worth noting that the records only included the accident of the Plaintiff.  The Defendant also contends that it alternatively offered to produce evidence of all accidents involving an electronic cart that occurred in its Virginia stores in the three years prior to the plaintiff's accident, with the limitation that the defendant would only have to review "Claim Description" information which indicated that a motorized cart was involved. Defendant's "compromise" is too narrow to be helpful to Plaintiff's case.

A.      Relevance

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The requested material must be relevant to the negligence claim in this case, and in order for the court to grant full discovery, good cause must be shown.  According to the discovery limitations outlined in the Federal Rules, the Court should take into consideration the "needs of the case" and the "importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii).

Defendant argues the Plaintiff has neglected to explain the relevance of the proposed discovery to her claim, and that good cause is not present to require the defendant to respond to the Plaintiff's proposed discovery.

The Plaintiff argues that these documents establish foreseeability.  Despite Defendant's contention, foreseeability is relevant to the instant case.  Plaintiff's request is relevant to the extent it must prove that Defendant had actual or constructive notice of the unsafe condition that caused her injury, and the jury could conclude that the Defendant was negligent in addressing the unsafe condition. See O'Brien v. Everfast, Inc., 254 Va. 326, 330, 491 S.E.2d 712, 714–15 (Va. 1997).

Plaintiff has established that the discovery she seeks is relevant to the subject matter of the pending action of whether Defendant breached its duty of ordinary care.

B.      Burden on Defendant

The Court can limit the discovery request if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii).

The scope of the evidence sought by Plaintiff is too broad. Defendant highlights the hefty burden that would be placed on it by trying to comply with Plaintiff's broad discovery request. Defendant explains that while some of the requested files are in electronic format, others have only been kept in paper format. After running an electronic search through particular categories in its computerized claims management system, Defendant asserts that it would have to review 66,242 files in order to appropriately produce the requested discovery responses. It estimates that it would take between ten and twenty minutes to locate and review each file to determine whether a motorized cart was involved.

Under the considerations listed in Federal Rule of Civil Procedure 26(b)(2)(iii), requiring the defendant to produce documents from the past five years that deal with accidents or incidents involving electronic shopping carts is overly burdensome, and the burden outweighs any benefit these documents would produce for the Plaintiff.

Plaintiff has shown good cause that the information requested is relevant, however in order to establish a fair balance, Defendant is required to perform a more limited search than requested by the Plaintiff.

Defendant Wal-Mart is DIRECTED to produce a claims run for all claims involving motorized cart accidents for two years prior to the accident in question, for all Wal-Mart stores in Virginia, North Carolina, and Maryland.

### III.  Motion to Take Additional Depositions

Plaintiff has moved pursuant to Fed. R. Civ. P. 30 for leave to take three additional depositions.  Plaintiff contends these depositions are important to the development of Plaintiff's case, and will not delay this case.

This Court's Scheduling and Pretrial Order limits parties to five non-party depositions. However, should a party need relief from this limitation, a party is "required to make a showing to the Court."  Although Plaintiff's request exceeds the limit of non-party depositions.  Plaintiff has made a showing to the Court that the requested depositions will assist her in proving her case, and will not cause prejudice to the Defendant or delay the proceedings.

A.      Deposition of Corporate Designee of Assembled Products Corporation

Plaintiff seeks leave under Fed. R. Civ. P. 30(b)(6) to depose Assembled Products Corporation, ("APC") the manufacturer of the cart involved in the accident that injured Plaintiff. Deposing the manufacturer of the carts at issue is relevant to Plaintiff's claim of negligence against the Defendant.  Plaintiff is granted leave to depose APC.

B.      Deposition of Dr. William A. Shelton, Jr.

Plaintiff also seeks leave to depose her family physician, Dr. William A. Shelton, Jr.  Dr. Shelton's deposition would cover Plaintiff's medical status before and after the accident, her current status, and Dr. Shelton's analysis of future medical issues.  Wal-Mart has stated no objection to

taking Dr. Shelton's deposition.  For good cause shown, Plaintiff is granted leave to depose Dr.

Shelton.

C.      Deposition of Dr. Aydin Uzunpinar or Dr. Shilpa Johri

Plaintiff seeks leave of this Court to depose one of the physicians that treated the driver of

the motorized shopping cart that struck Plaintiff.  Plaintiff seeks to depose Dr. Aydin Uzunpinar, or

Dr. Shilpa Johri.  Dr. Uzunpinar treated the cart driver nine times from 2002 until just before the

accident occurred to Plaintiff.  Dr. Johri has treated the third party subsequent to the accident.  There

is no prejudice to Defendant in allowing the deposition of either physician.  Both parties have

assumed the cart driver has Alzheimer's disease.  There is no burden to Defendant of establishing

that fact.  Plaintiff has not designated either physician as an expert witness, and despite Defendant's

contention, the cart driver's treating physician's testifying to any personal consultation with a patient

is not considered an expert witness pursuant to Fed. R. Civ. P. 26(b)(4)(c).  Brundidge v. City of

Buffalo, 79 F. Supp. 2d 219, 224 (W.D.N.Y. 1999) (stating doctors testifying to their personal

consultation with their patient need not be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B)).

Plaintiff has shown good cause to deviate from this Court's Scheduling Order to allow the requested

additional depositions.

### IV. Conclusion

For the reasons stated above, Plaintiff Annie Washburn Eggleston's Motion to Compel

Discovery Responses filed is hereby GRANTED in part and DENIED in part.

Defendant is DIRECTED to produce a claims run for all claims involving motorized cart

accidents for two years prior to the accident in question, for all Wal-Mart stores in Virginia, North

Carolina, and Maryland.

Plaintiff's Motion to Take Additional Depositions is hereby GRANTED. Plaintiff is granted leave under Fed. R. Civ. P. 30(b)(6) to take the deposition of the Assembled Products Corporation. Plaintiff is granted leave to depose Dr. William A. Shelton, Jr. Plaintiff is further granted leave to depose either Dr. Aydin Uzunpinar, or alternatively Dr. Shilpa Johri.

Each party will bear its own attorneys' fees and costs associated with these Motions. Appropriate Orders shall issue.

        /s/ JAMES R. SPENCER
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this   10th   day of March 2006.